unlawful (*see People v Lingle*, 16 NY3d 621 [2011]), and we do not find that term to be excessive. We have no authority to revisit defendant's prison sentence on this appeal (*see id.* at 635). Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.

■ The People of the State of New York, Respondent, v Kenneth Powell, Appellant. [932 NYS2d 20]—

Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.

■ The People of the State of New York, Respondent, v Allen Rice, Appellant. [931 NYS2d 219]—

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.

■ The People of the State of New York, Respondent, v Ryan Grays, Appellant. [932 NYS2d 20]—